# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 M 476 | **DATE** | 12/10/2012 |
| **CASE TITLE** | United States vs. Dawkins | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on Defendant's appeal of a Magistrate Judge's order finding him guilty of violating posted signs prohibiting smoking in certain areas of a Veterans Administration building. Because Defendant has not provided the transcript needed to meaningfully review the Magistrate Judge's ruling, the appeal must be dismissed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

By way of background, in July 2011, an officer issued a ticket to Defendant on the grounds of a Veterans Administration facility. The ticket charged Defendant with smoking in a prohibited area. Defendant contested the citation and proceeded to trial before Magistrate Judge Denlow in October 2011. Judge Denlow heard testimony from the officer and Defendant and upheld the citation, which appears to carry a $75.00 monetary penalty. Defendant timely appealed the decision to this Court [see 1] and paid the $32.00 filing fee [see 3].

Following an initial status hearing on November 29, 2011 [see 5], the Court held a second status hearing on December 9, 2011 [see 6]. Defendant filed a brief in support of his appeal [8] setting forth his version of the events in which he denied the charges and accused the officer of lying in her testimony before Judge Denlow. On that date, the Court entered a minute order [6] giving Defendant until January 9, 2012 to obtain and file the transcript of proceedings and setting a response date for the Government's brief two weeks later. On February 9, 2012, the Court issued another minute order [9] reminding Defendant of his obligation to file a transcript, extending the time for the filing of the transcript to March 9, 2012, and warning Defendant that failure to file the transcript may result in the disposition of the appeal on the basis of an incomplete record. In that order, the Court specifically referenced Federal Rule of Civil Procedure 58(g)(2)(c) to provide Defendant – who represents himself in this matter – with guidance on the transcript requirement.

No transcript has been filed, either by the deadline or in the months since. Because the disposition of the case – and the appeal – turns on the credibility of the charging officer and the Defendant, the absence of a transcript precludes meaningful review of Magistrate Judge Denlow's ruling. When presented with these circumstances under the analogous provisions of the Federal Rules of Appellate Procedure that require the filing of transcripts, the Seventh Circuit has dismissed appeals "if the absence of a transcript precludes meaningful review." *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011); see also *RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010) (dismissing appeal where appellant was given ample time to correct the

**STATEMENT**

omission of the relevant transcript and failed to do so). Regrettably, that is the situation that the Court now faces despite its efforts to educate Defendant as to the rules and to extend the time for Defendant to obtain the required transcript. The appeal therefore is dismissed.